IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TERRY DIMERY, individually, and on behalf of other similarly-situated individuals, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No.: 4:17-cv-00701-RBH |
| CONVERGYS CORPORATION, and CONVERGYS CUSTOMER MANAGEMENT GROUP, INC., jointly and severally as, ) ) ) ) ) | |
| Defendants. ) ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE**

Plaintiffs Terry Dimery, Charlotte Jones, and Lashea Moore (collectively referred to as "Plaintiffs") and Defendants Convergys Corporation and Convergys Customer Management Group, Inc. (collectively referred to as "Defendants"), have reached a settlement (the "Settlement") with respect to Plaintiffs' claims against Defendants.

The Settlement was reached after the parties' counsel exchanged substantial factual information, including voluminous documents attached to this case (*see, e.g.,* ECF No. 36, Exh. 1)[1] and was negotiated at arms-length by counsel experienced in wage and hour litigation. The Settlement, if approved, will provide meaningful relief to those affected. Accordingly, Plaintiffs and Defendants jointly request that the Court enter a Consent Order Approving Settlement

---

[1] The Declaration of Pam Castillo was 215 pages total, of which 205 pages were records specifically relating to the allegations of this case and included, but were not limited to, Plaintiffs' records and Defendant Convergys' policies and procedures.

Agreement and Release, which will is being emailed to the Court in accordance with its filing preferences. In further support of this Motion, the parties jointly state as follows:

I. **Background and Procedural History**

On March 14, 2017, Plaintiffs Cynthia Fuerte[2] and Terry Dimery commenced this action individually and on behalf of allegedly similarly-situated persons against Defendants, alleging a class and collective action claim for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and a breach of contract claim under common law. (ECF No. 1.) After filing the Complaint, Plaintiffs filed a Motion for Conditional Class Certification and Notice on April 3, 2017, seeking an order from the Court conditionally certifying the proposed FLSA class. (ECF No. 10.) On April 27, 2017, Plaintiffs filed a Consent to Join, naming Charlotte Jones as an opt-in Plaintiff.

On July 14, 2017, Defendants filed a Motion for Summary Judgment. (ECF No. 35.) Several days later on July 17, 2017, Defendants filed a Memorandum in Opposition to Plaintiffs' Motion for Conditional Class Certification and Notice (ECF No. 36), to which Plaintiffs' filed a reply on July 24, 2017 (ECF No. 37). Thereafter, on July 28, 2017, Plaintiffs filed a response to Defendants' Motion for Summary Judgment. (ECF No. 38.) Defendants filed a reply in support of their Motion for Summary Judgment on August 4, 2017. (ECF No. 39.)

On October 10, 2017, Plaintiffs filed a Notice of Joinder seeking to include Lashea Moore as an opt-in Plaintiff in this lawsuit. (ECF No. 41.) On October 13, 2017, Defendants filed a Motion to Strike, requesting Plaintiffs' Notice of Joinder be denied. (ECF No. 42.) Plaintiffs filed a response in opposition (ECF No. 43), and Defendants filed a reply (ECF No. 44).

---

[2] Cynthia Fuerte was initially a named Plaintiff in this action. On May 30, 2017, Plaintiff Fuerte was dismissed from this case with prejudice. (ECF No. 27.)

On March 26, 2018, the Court entered an Order addressing the above motions. (ECF No. 48.) Specifically, the Court granted Defendants' Motion for Summary Judgment to the extent Plaintiffs sought to pursue their claims in a representative capacity as collective and/or class action claims, thereby dismissing those claims with prejudice. (*Id*. at 25.) The Court also denied Plaintiffs' Motion for Conditional Class Certification and Notice, and granted Defendants' Motion to Strike Consent to Join by Lashea Moore. (*Id*.) Plaintiffs Terry Dimery's and Charlotte Jones' individual FLSA and breach of contract claims remained before the Court as independent claims. (*Id*.)

Through subsequent negotiations, Plaintiffs[3] reached an agreement with Defendants to settle their claims and dismiss this case with prejudice. The parties are now seeking the Court's approval of the parties' confidential Settlement Agreement and Release, which will be submitted via email to Chambers for *in camera* review. The Settlement is the compromise of disputed claims and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, common law, or any violation of any of Plaintiffs' rights or any duty owed by Defendants to Plaintiffs.

Defendants expressly deny having engaged in any wrongdoing or unlawful conduct as alleged in this lawsuit, disputes Plaintiffs' entitlement to the amounts to be paid under this Settlement absent the parties' agreement, and disagrees with Plaintiffs as to, for example and without limitation, their claims that Defendant violated the FLSA or breached any contract. Nevertheless, the parties have entered into this Settlement as a compromise to avoid the risks,

---

[3] Though Plaintiff Moore was not allowed to join as a named Plaintiff, the parties ask that she be included in this settlement approval in the interest of judicial economy as she is represented by Plaintiffs' counsel and wishes to resolve her claims.

distractions, and costs that will result from further litigation. Therefore, the parties jointly request that the Court approve the parties' Settlement and dismiss this case with prejudice.

## II.     Legal Authority

The parties request that the Court approve this Settlement because it was achieved in an adversarial context, the Plaintiffs are represented by experienced counsel who could protect their rights, and the Settlement reflects a reasonable compromise over disputed issues. Moreover, the settlement provisions are otherwise fair and reasonable under all of the facts and circumstances.

### A.     The FLSA Permits the Settlement and Release of Claims with Court Approval

"The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). While the Fourth Circuit has not directly addressed the factors to consider in determining whether a settlement reached in a FLSA case is fair and reasonable, various federal courts have analogized to the fairness factors generally considered for court approval of class action settlements under Federal Rule of Civil Procedure 23(e). *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 721–22 (E.D. La. 2008) (citing *Camp v. Progressive Corp.*, 2004 WL 2149079 at 4–5 (E.D. La. Sept. 23, 2004) and *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)); *Stevens v. Safeway, Inc.*, 2008 U.S. Dist. LEXIS 17119 at 13–14 (C.D. Cal. Feb. 25, 2008); *Brash v. Heartland Automotive Servs., Inc.*, 2006 WL 2524212 at *2 fn. 1 (D. Minn. Aug. 15, 2006). The Fourth Circuit has noted that these factors are consistent with those used by other federal courts in assessing fairness, and the

same factors have been applied to a settlement agreement under Title VII of the Civil Rights Act of 1964. *In re Jiffy Lube Securities Litig.*, 927 F.2d 155, 158 n. 1 (4th Cir. 1991).

Accordingly then, when reviewing a proposed settlement of an FLSA claim to determine whether the proposed settlement is reasonable, adequate and fair, the Court should consider: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; and (5) the probability of plaintiffs' success on the merits and the amount of settlement in relation to the potential recovery. *See Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) (evaluating the fairness of settlement involving class claims of sex discrimination).

### B.     The Settlement in this Action is Reasonable, Adequate and Fair

As noted above, while the parties did not engage in formal written discovery, over 200 pages of documents regarding the claims in this case were exchanged via prior motions practice in this case and counsel for the parties have otherwise discussed the factual background of the case. Additionally, counsel have previously litigated against one another related to claims against Defendants and have made good-faith and reliable representations and disclosures to each other about central facts related to Plaintiffs' duties and time worked. There was no fraud or collusion as part of the settlement or negotiation process. The parties negotiated in good faith to reach an agreeable resolution in this matter over a period of several weeks. These factors weigh in favor of a reasonable, adequate and fair settlement. *See Flinn*, 528 F.2d at 1173; *see also Hackett v. ADF Rest. Invests.*, 259 F. Supp. 2d 360 (D. Md. 2016) (settlement approved where plaintiffs' counsel formerly represented others against same defendant and the parties exchanged information regarding the facts of the case); *Monzon v. Gali Serv. Indus.*, 2015 WL 1650167 (D. Md. Apr. 13,

2015) (settlement approved at an early point in proceedings, before discovery took place, where parties were represented by counsel and settlement was the product of negotiations between them); and *Villarroel v. Sri Siva Vishnu Temple*, 2014 WL 7460967 (D. Md. Dec. 31, 2014) (settlement approved where the parties exchanged wage and hour information about the plaintiffs outside of formal discovery).

Additionally, because Plaintiffs' claims arise under the FLSA, this case will likely involve complex legal and factual issues to be determined at trial. *See Holladay v. Burch, Oxner, Seale Co., CPA's, PA*, No. C/A No. 4:07-cv-03804-RBH, 2009 WL 614783, at *3 (D.S.C. Mar. 6, 2009) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981)) ("FLSA claims typically involve complex mixed questions of fact and law . . ."). Accordingly, the potential expense of moving forward with the case in relation to the potential for recovery over complex legal issues, weighs in favor of approving the parties' resolution of this matter.

The parties disagree as to the likelihood of Plaintiffs' success on the merits in this case. However, the amount of the Settlement exceeds the amounts allegedly owed to Plaintiffs individually for unpaid wages. The Settlement takes into account Plaintiffs' burdens of proof to recover liquidated damages, which would require them to prove not only the merits of their claims, but also to rebut Defendants' assertion that they acted in good faith. *See* 29 U.S.C. §§ 216(b) and 260 (stating that an employee can recover unpaid overtime compensation plus an equal amount as liquidated damages, but that the court may decline to award such liquidated damages where the employer shows that the act or omission giving rise to such action was in good faith and that there were reasonable grounds for believing that the act or omission was not a violation).

The Settlement includes an additional amount for costs, expenses, and attorneys' fees, which fully satisfies any and all obligations Plaintiff may have to their attorneys for the payment

of fees and expenses. Essentially, Plaintiffs are receiving a recovering on their claims for unpaid compensation, plus their attorneys' fees, while forgoing their potential liquidated damages claim.

For the reasons stated above, the parties submit that their Settlement in this case should be approved because it is reasonable, adequate, and fair.

### III.     Conclusion

The parties jointly and respectfully request that the Court approve the Settlement and the terms of the release and, upon approval of the Settlement, that the Court dismiss this action with prejudice. A proposed Order has been sent to the Court via email in accordance with its preferences.

**[SIGNATURE PAGE TO FOLLOW]**

Dated this 12th day of June 2018.

Respectfully submitted,

| | |
|---|---|
| **BELLAMY RUTENBERG COPELAND EPPS GRAVELY & BOWERS, P.A.** | **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.** |
| *s/Benjamin A. Baroody* | *s/William L. Duda* |
| Benjamin A. Baroody (Fed ID No. 9442) | William L. Duda (Fed ID No. 7740) |
| 1000 29th Avenue | First Base Building |
| North Myrtle Beach, SC 29577 | 2142 Boyce Street – Suite 401 |
| 843.448.2400 (telephone) | Columbia, SC 29201 |
| BBaroody@Bellamy.com | 803.252.1300 (telephone) |
| | bill.duda@ogletreedeakins.com |
| *Local Counsel for Plaintiffs* | |
| **SOMMERS SCHWARTZ, P.C.** | **FROST BROWN TODD, LLC** |
| Jason J. Thompson | Mekesha Montgomery |
| Kevin J. Stoops | Lynda M. Hill |
| Charles R. Ash, IV | |
| | 150 3rd Avenue South – Suite 1900 |
| One Towne Square – Suite 1700 | Nashville, TN 37201 |
| Southfield, MI 48076 | 615.251.5550 (telephone) |
| 248.355.0300 (telephone) | mmontgomery@fbtlaw.com |
| jthompson@sommerspc.com | lhill@fbtlaw.com |
| kstoops@sommerspc.com | |
| crash@sommerspc.com | *Admitted Pro Hac Vice* |
| *Trial Counsel for Plaintiffs* | |
| *Admitted Pro Hac Vice* | |
| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR DEFENDANTS** |