IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TERRY DIMERY, individually, and on behalf of other similarly-situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>CONVERGYS CORPORATION, and CONVERGYS CUSTOMER MANAGEMENT GROUP, INC., jointly and severally as,<br><br>    Defendants. | Civil Action No.: 4:17-cv-00701-RBH |

**ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE**

This matter is before the Court on the Joint Motion to Approve Settlement Agreement and Release, filed by Plaintiffs Terry Dimery, Charlotte Jones, and Lashea Moore[1] and Defendants Convergys Corporation and Convergys Customer Management Group, Inc. ("Defendants"). Through their Joint Motion, the parties seek the Court's approval of the settlement on the terms as set forth in the proposed Settlement Agreement and Release ("Settlement Agreement").

This lawsuit was filed on March 14, 2017, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), and a common law claim for breach of contract. Defendant denies liability on all of Plaintiffs' claims. Nevertheless, the parties reached an agreement to resolve this matter after substantial motions practice and engaging in settlement

---

[1] The Court lacks jurisdiction to approve any settlement as to Lashea Moore because Ms. Moore is not a party to this case. Accordingly, the Court declines to approve the settlement as to Lashea Moore. The Court does, however, approve the settlement as to the named parties, Terry Dimery and Charlotte Jones.

negotiations. After reaching an agreement, the parties submitted their confidential Settlement Agreement and Release to the Court for *in camera* review.[2]

Having read and carefully considered the Motion and the Settlement Agreement, the Court hereby holds (1) the Settlement Agreement reflects a reasonable compromise of a *bona fide* dispute with respect to liability under the FLSA; (2) the Settlement Agreement was negotiated at arm's length in an adversarial context in which both parties were represented by competent, experienced counsel; and (3) the totality of the Settlement Agreement is fair and reasonable to all parties. Accordingly, the parties' Joint Motion to Approve Settlement Agreement and Release is hereby **GRANTED in part and DENIED in part** in that the Court approves the settlement as to the named parties, Terry Dimery and Charlotte Jones. The Court declines to approve the settlement as to non-party, Lashea Moore.

Plaintiffs' claims against Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

June 13, 2018                                    s/ R. Bryan Harwell
Florence, South Carolina                 R. Bryan Harwell
                                                       United States District Judge

---

[2] A copy of the Settlement Agreement was provided to the Court for review *in camera*. The Parties desire to maintain a confidential Settlement Agreement. While the Parties have not filed the agreement with the court, they do seek the court's *in camera* review and approval of the confidential settlement pursuant to *Taylor v. Progress Energy, Inc.*, 415 F.3d 364 (4th Cir. 2005). The court's review of the settlement and subsequent dismissal does not fall within the purview of Local Rule 5.03(e). This agreement does not involve "court enforced secrecy" since the penalty for disclosure is not contempt of court. As Judge Anderson noted, "Rule 5.03 addresses court ordered secrecy, i.e. a settlement whereby the parties consent to an order of the court directing that the settlement, the court documents, or whatever else the parties agree upon, remain secret. It is one thing to say that the parties have the right, as they do, to agree upon secrecy inter se; it is quite another to suggest that there is some legal right to force a judge to sign an order requiring that the parties 'hush up' on pain of contempt of court." Joseph F. Anderson, Jr., *Hidden from the Public by Order of the Court: The Case Against Government-Enforced Secrecy*, 55 S.C. L. Rev. 711, 727 (2004). In contrast, this dismissal order does not order the Parties to keep silent. Rather, the Parties have agreed among themselves not to disclose the terms.